The appellant seeks to reverse a decree of the court of chancery on the grounds that the fees allowed to the respondent Bernard Igor Verney, as sequestrator, are excessive, and that a provision in the decree withholding the dismissal of the bill until the payment of sequestrator's allowance, is invalid.
The appellant is the defendant husband in a suit for maintenance commenced in the court of chancery in August, 1937. He is a resident of Virginia, and owns property in New Jersey. The respondent wife in 1933 instituted suit for maintenance which resulted in a dismissal of the bill. When the present bill was filed an order for a writ of sequestration was made and issued on August 16th, 1937, to the respondent Verney, who made a return indicating the property he had seized. The appellant appeared generally by accepting service of a subpoena through his solicitor. The court of chancery subsequently made an order denying a motion of the respondent for alimony pendente lite
and counsel fees. The appellant filed an answer and pleaded the pendency of a suit commenced by him against his wife in November, 1932, in the state of Virginia, in which the wife had filed a cross-petition. The appellant contended that the Virginia courts had full jurisdiction of both parties in the subject-matter. The wife then moved on petition for the appointment of a receiver for the sequestrated property, but none was appointed. The appellant then moved to discharge the lien of the sequestrator from the real estate, and an order was made to that effect. The matter subsequently came on for hearing before the advisory master, and resulted in a decree which denied a *Page 253 
counsel fee to the complainant's solicitor, who had previously received $150 as such, and allowed the sequestrator $1,250 for services, plus $36 for cash expenditures, and further provided that the bill would be dismissed upon the payment of $1,286 to the sequestrator.
The property sequestered consisted of real estate situated on Sherman avenue, in the city of Newark, a savings account in the Howard Savings Bank, of Newark, amounting to $855.97, and a bank account with the Fidelity Union Trust Company, of Newark, for $6.03, as well as an interest in certain properties represented by mortgage participation certificates of the face value of $30,000, the real value of same being of a doubtful nature, as two of the properties had been foreclosed and were held by a trustee for the benefit of holders of participation certificates.
The total cash collected by the sequestrator amounted to $980.27, and his disbursements totaled $320.43, leaving a balance of $659.84.
We have carefully examined the sequestrator's account and his statement indicating services rendered, and think that under the circumstances of the case, a fair and reasonable fee for the necessary services of the sequestrator would be $200, plus $36 for expenditures.
We therefore conclude that a decree should be entered dismissing the bill of complaint, and that the sequestrator be permitted to deduct from the funds held by him the sum of $236, representing his allowance and cash disbursements.
For modification — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15. *Page 254